## EXECUTORS OF BARRACLIFF v. ADMINISTRATOR OF GRISCOM.

1. An action may be brought in an inferior court on a judgment obtained in a superior one.

2. An action upon a judgment is altogether a new suit, and not a continuation of the former one.

3. An action upon a record is not within the provisions of the act of assembly which denies costs when the judgment obtained does not amount to £50.

This was an action of debt on a judgment obtained in this court, suggesting a *devastavit*.

The plaintiff had obtained a judgment for £74 10s. debt, and £5 17s. 11d. costs, and on the execution so much was levied as to reduce the debt below £50. Afterwards, this suit was commenced on the judgment, and at the circuit in June, 1793, defendant confessed judgment for £45 6s. 2d., and now the question was, whether the plaintiff was entitled to costs.

*Giles*, for plaintiff, contended that costs were to be allowed—
1st. Because the party was compelled to bring his action in this court, where the original judgment had been obtained, and could not sue in an inferior court. 2d. Because the action on the judgment is a continuation of the former suit, and therefore not within the meaning of the act of assembly.

Executors of Barracliff v. Administrator of Griscom.

[194] KINSEY, C. J.

On looking into the books, I have been unable to find any case to support the first ground upon which the right to costs is supported, that on a judgment in a superior court, an action cannot be maintained in one of inferior authority, except that of *Middleton* v. *Wheeler*, a short note of which is given in *Comberbach* 220. (a) That case also is contradicted by several authorities, (b) and in particular by Baron Gilbert, who lays down the law in an entirely different manner, and points out the mode, on a plea of *nul tiel record*, of bringing the record into the inferior court by *certiorari* and *mitti-mus*. (c)

Neither do I think that an action on a judgment can in any respect be looked upon as a continuation of the former suit. It possesses all the characteristics of an original and independent action, requiring an original writ and a warrant of attorney.

The question then before the court must depend altogether upon the construction of the acts of assembly upon this subject, and in forming our opinion we must be guided by the designs and intentions of the legislature, so far as they are to be gathered from the expressions which they have employed. These acts are, first, that passed in February, 1747–8, (*Allinson* 159,) the first section of which enacts "that no person shall commence, sue or prosecute any suit or action whatsoever in the Supreme Court, wherein the true and real sum expressed in the condition of any bond, bill, or other specialty, or the true and real sum remaining upon such bond, bill, or other specialty, or upon any matter of account, or otherwise, howsoever, shall not exceed the sum of fifteen pounds," otherwise the plaintiff shall have no costs. By the fifth section of the act of June, 1782, ( *Wilson* 263,) it is

(a) "*Comberbach* is a book of no great authority." 1 *Dall.* 28.

(b) See 1 *Salk.* 209, overruled, apparently, 2 *Ibid.* 439.

(c) See *Gilb. on the Action of Debt*, 392; *Pitt* v. *Knight*, 1 *Saund.* 97.

P

enacted, " that if any person shall commence any suit for any debt or demand in the Supreme Court of this state, and shall obtain a verdict or [195] judgment thereon, which shall not amount to fifty pounds, he shall not recover costs," unless under the same exceptions as are expressed in the foregoing act.

These statutes being made *in pari materia*, are to be considered together; and as there is no clause in the latter repealing the former, we must consider it as only operating to raise the sum within which costs are not recoverable. In other respects, the former is to be regarded as reflecting light upon the other, and explanatory of its meaning. In the first, the words are, "any action whatsoever," the generality of which expression is, however, limited by the subsequent expressions, " bonds, bills, and accounts;" the second statute says, " any action explaining these words by others not less comprehensive, debt or demand." Still, however unrestricted the expressions in the last act may be deemed, it would not, I think, be a forced construction to limit their operation to actions similar, or inferior in their nature to those that are particularly specified, and not to extend them to things of a superior nature, as judgments which are debts of record. This is agreeable to an ancient and acknowledged rule of construction, for when a statute, after making mention of certain specific things, extends its operation by general words, courts of justice have uniformly held these general expressions not to extend to objects superior in their nature to those that were specially mentioned, unless the words of the statute would, by such a construction, be rendered wholly inoperative. *Archbishop of Canterbury's case,* 2 *Co.* 46; 2 *Inst.* 151, 165; 6 *Hardr.* 462; 1 *Bl. Com.* 88.

The first action was properly brought in the Supreme Court, the sum demanded, and for which judgment was given, being above £50; and the second suit seems, in many cases, unavoidable to carry the first judgment into effect for the recovery of the money. In actions of this nature, the venue must be laid in the county where the judgment was

obtained. *Gilb. Ch.* 413; *Hob.* 196. Many and serious inconveniences would arise from throwing obstacles in the way of preventing an action being brought in the same court where the judgment was originally [196] obtained; and as we are not compelled by the letter, and perhaps spirit of the acts, to adopt such a construction, we are of opinion that they do not apply to this case, and that the plaintiff recover his full costs.